STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1533

LAWRENCE ROMERO

VERSUS

LOUISIANA COMMERCE AND TRADE ASSOCIATION
AND CIRCLE A FARMS

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 10-03595
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks,
Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Thibodeaux, Chief Judge, dissents and assigns reasons.**
**Cooks, J., dissents.**

 H. Douglas Hunter
Guglielmo, Lopez, Tuttle, Hunter & Jarrell
P. O. Drawer 1329
Opelousas, LA 70571-1329
COUNSEL FOR DEFENDANTS-APPELLEES:
    Circle A Farms
    Louisiana Commerce and Trade Association

**Jeffery F. Speer**
**Michael A. Rainey**
**Doucet-Speer, APLC**
**P. O. Box 4303**
**Lafayette, LA 70502-4303**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Lawrence Romero**

**PICKETT, Judge.**

The plaintiff, Lawrence Romero, appeals the judgment of the Workers' Compensation Judge (WCJ) dismissing his claim for workers' compensation benefits because his employer, Circle A Farms, proved he was intoxicated at the time of his injury and because he failed to rebut the presumption that his intoxication caused his injury.

## STATEMENT OF THE CASE

Romero was injured while in the course and scope of his employment for Circle A Farms as a truck driver. He had arrived at a job site at 3:00 a.m. to pick up a load of sugar cane. Because another truck was in the loading area when he arrived, Romero parked his truck on the two-lane roadway. When he saw a pickup truck turn right onto the roadway, he assumed it was his supervisor. Romero reached below his seat to retrieve an empty oil container. He opened his door and began to step out of his truck. The driver of the pickup truck, who was not Romero's supervisor, swerved to avoid hitting the door when it unexpectedly opened, but he was unsuccessful. Romero was thrown to the asphalt and was injured.

Romero was transported by ambulance to Lafayette General Medical Center. While at the hospital, he submitted a urine sample for drug testing. The testing came back positive for marijuana metabolites. Circle A Farms and its insurer paid for the initial emergency room visit, but refused to pay any further worker compensation benefits. Romero filed a disputed claim for benefits, seeking wage benefits, payment for medical treatment, penalties and attorney fees. Circle A Farms and its insurer, Louisiana Commerce and Trade Association, pled intoxication as a defense.

At trial, the WCJ heard evidence and found that Circle A Farms had proven that Romero was intoxicated at the time of the offense based on the drug test results. Pursuant to La.R.S. 23:1081(8), Circle A Farms was therefore entitled to a presumption that the accident was caused by Romero's intoxication. During the initial trial, the WCJ received evidence from a toxicologist over the objection of Romero. The WCJ found that Circle A Farms had proven intoxication and was entitled to a presumption of causation. The WCJ further found that Romero's testimony that he had not smoked marijuana for a month before the accident was insufficient to rebut the presumption of causation. The WCJ therefore denied benefits to Romero. Romero filed a Motion for a New Trial, seeking to have the toxicologist's report excluded because he was not given sufficient notice that the toxicologist would be a witness. The trial court granted a new trial and determined that the testimony should not have been considered. Nevertheless, the WCJ reached the same conclusion that Romero was not entitled to benefits based on the admissible evidence, including the deposition testimony of the physician who interpreted the results of the test, Dr. Bryan Heinen. Romero now appeals that judgment.

## ASSIGNMENTS OF ERROR

Romero asserts five assignments of error:

1. The WCJ erred in concluding that plaintiff failed to rebut the presumption that he was intoxicated at the time of the accident.

2. The WCJ erred in concluding that plaintiff failed to rebut the presumption that intoxication was a contributing cause of the accident.

3. The WCJ erred in holding plaintiff to a heightened standard of proof to rebut the presumption of intoxication at the time of the accident and the presumption that intoxication was a contributing cause of the accident.

4. The WCJ erred in considering the negligence or "poor judgment" of plaintiff in a workers' compensation proceeding.

2

5.   The WCJ erred in failing to award penalties and attorney fees for defendants' refusal to pay any wage benefits or authorize any medical treatment for 18 months which was grounded solely on the results of a positive drug screen, when the expert administering, verifying, and interpreting the results of said drug screen testified that the level of marijuana metabolites found in plaintiff's system indicated that he had not smoked marijuana for approximately one week prior to the accident.

## DISCUSSION

An employer does not have to pay workers' compensation benefits if the injury is caused by the employee's intoxication. La.R.S. 23:1081(1)(b). The employer bears the burden of proving intoxication. "If there was, at the time of the accident, evidence of either on or off the job use of a nonprescribed controlled substance as defined in 21 U.S.C. 812, Schedules I, II, III, IV, and V, it shall be presumed that the employee was intoxicated." La.R.S. 23:1081(5). If the employer proves intoxication, it is presumed that the accident was caused by the intoxication. La.R.S. 23:1081(12). The burden then shifts to the employee to prove that the intoxication was not a cause of the accident in order to defeat the employer's intoxication defense. *Id.* Louisiana Revised Statutes 23:1081(8) states:

> In order to support a finding of intoxication due to drug use, and a presumption of causation due to such intoxication, the employer must prove the employee's use of the controlled substance only by a preponderance of the evidence. In meeting this burden, the results of employer-administered tests shall be considered admissible evidence when those tests are the result of the testing for drug usage done by the employer pursuant to a written and promulgated substance abuse rule or policy established by the employer.

We review the findings of fact of the WCJ in this case under the manifest error standard of review. *See Kennedy v. Camellia Garden Manor*, 02-1027 (La.App. 3 Cir. 2/5/03), 838 So.2d 99.

3

Romero concedes that the drug test was administered at the emergency room pursuant to Circle A Farm's drug policy. The test showed Romero's sample was positive for marijuana metabolites. Romero argues in his first assignment of error that his testimony, when read in conjunction with Dr. Heinen's testimony, was sufficient to rebut the presumption of intoxication. Dr. Heinen testified that the volume of marijuana metabolites in Romero's test was 100 ng/ml (nanograms per milliliter). In his expert opinion, those levels indicate use of marijuana within one week, but not necessarily intoxication. He also testified that those levels are not consistent with exposure to second-hand marijuana smoke. Romero admitted that he used marijuana monthly.

The WCJ based her judgment on the fact that the accident in this case was caused by Romero's inattention to the truck coming down the road and his slow reaction time to the oncoming vehicle when he opened the door. She found that these issues were consistent with intoxication from marijuana. Thus, she found that Romero failed to rebut the presumption of intoxication.

Romero cites *Boise Cascade Corp. v. Dean*, 99-1356 (La.App. 3 Cir. 5/3/00), 767 So.2d 76, *writ denied*, 00-2505 (La. 11/13/00) to support his claim that he rebutted the presumption of intoxication. In *Dean*, after the employee tested positive for marijuana, the WCJ found that the employee proved that the accident was not caused by intoxication. This court affirmed, saying:

> Numerous co-workers spoke or interacted with Defendant on the day of the accident, and not one of them found anything unusual about his behavior or thought he might be intoxicated. Further, the WCJ found that the expert testimony established the length of time of real impairment after smoking marijuana as somewhere between five and six hours. This, combined with the fact that there is nothing in the record to indicate Defendant smoked marijuana on April 8, 1998, leads this court to agree with the WCJ that the overwhelming evidence in the record supports a finding that Defendant was not acting under the effects of the drug at the time of the accident.

4

*Id.* at 80.

We find *Dean* distinguishable. In the case before us, Romero presented no evidence of anyone who saw him before the accident to testify that he was not impaired. The only expert testimony admitted into evidence was that of Dr. Heinen. He stated that typically someone who smokes a whole marijuana cigarette has a marijuana metabolite level of about 200 ng/ml. He demurred on answering further questions about whether the levels found in Romero, 100 ng/ml, was consistent with intoxication, stating that those issues were more properly answered by a toxicologist. Romero did testify that he had not smoked marijuana for a month before the accident, but his level of marijuana metabolites was not consistent with his testimony. The WCJ considered this in evaluating his credibility.

Another key difference is that the WCJ in *Dean* found that the employee had successfully rebutted the presumption of intoxication, and this court found no manifest error in that factual finding. Here, the record, taken as a whole, supports the conclusion of the WCJ that Romero failed to meet his burden of proving that he was not intoxicated or that his intoxication did not cause the accident. We do not find that the WCJ was clearly wrong. Romero's first assignment of error lacks merit.

In his second assignment of error, Romero claims he introduced sufficient evidence to rebut the presumption that intoxication was a contributing cause of this accident. He argues that the evidence shows that he did nothing out of the ordinary in getting out of his truck, searching under the seat for a gallon bottle, and then closing his door. The evidence shows that Romero opened the door of his truck into the path of oncoming traffic after he saw a truck turn onto the road and drive in his direction at 3:00 a.m. When the door closed and Romero was outside his

5

truck, the driver of the oncoming vehicle swerved to avoid hitting Romero, but struck him with his mirror. The driver had no way of knowing that Romero was not in the truck in the dark, and swerved only at the last moment when he realized Romero was not in the cab of his truck. The WCJ found that Romero's inattention and poor judgment were a result of his intoxication. We find no manifest error in this conclusion.

In his third assignment of error, Romero argues that the WCJ imposed a tougher standard because Romero tested positive rather than refusing the drug test. Romero mischaracterizes the WCJ's comments in her oral reasons for judgment. The WCJ merely pointed out that the case law she reviewed showed that employees were more successful rebutting the presumption of intoxication when they refused a drug test. She did not apply a more stringent standard because Romero tested positive. This assignment of error lacks merit.

In her oral reasons for ruling, the WCJ also mentioned that the poor judgment exhibited by Romero in opening his truck door into the path of the oncoming truck was an indication of his intoxication. In his fourth assignment of error, Romero argues that the negligence of an employee should not be a bar to recovery of workers' compensation benefits. The WCJ found that Romero's poor judgment was an indication of intoxication and was relevant for determining the ultimate issue in this case. We find no merit in this assignment of error.

As we find the WCJ's judgment denying benefits is supported by the evidence in this case, Romero's fifth assignment of error regarding benefits, penalties and attorney fees is moot.

## CONCLUSION

The judgment of the WCJ is affirmed in all respects. Costs of this appeal are assessed to Lawrence Romero.

**AFFIRMED.**

LAWRENCE ROMERO

VERSUS

LOUISIANA COMMERCE AND TRADE ASSOCIATION AND CIRCLE A
FARMS


THIBODEAUX, Chief Judge, dissenting.


The plaintiff clearly rebutted that intoxication caused the accident. Dr. Heinen testified that the amount of marijuana found in Mr. Romero's system would suggest smoking approximately one week before the accident. Further, the workers' compensation judge commented that she found it difficult to believe or accept that the plaintiff could still be intoxicated a week after smoking marijuana. While she did say that the plaintiff's "poor judgment" was caused by intoxication, the record does not show that. We must give deference, of course, to the findings of the trial judge. But, the trial judge's findings must have a reasonable basis. Those findings are not immutable. It is a stretch to say that smoking marijuana one week prior to the accident was the underlying causative factor for plaintiff's poor judgment without any corroborative evidence whatsoever. While the plaintiff may have exercised poor judgment, this judgment was simply the type of judgment that would be manifested by persons who had not even smoked marijuana.

Even assuming a credibility call, the presumption of intoxication was rebutted. If the objective evidence preponderates in favor of a permissible view, the court of appeal may indeed find manifest error in a finding purportedly based upon a credibility call. The law is so clear that this assertion needs no citation. In my view, the objective evidence, that is, the small amount of marijuana found in

Romero's system and the remoteness of the usage, clearly preponderates in his favor.

The trial judge, in my view, applied the wrong standard. The trial judge stated:

> I do believe in my reasons for ruling that I indicated that an analysis I had done of the intoxication defenses up to a few years ago indicated to me that those cases where lay testimony was allowed to rebut the presumption involved cases where the presumption came into effect because a test was not done. There was no evidence by a test that the employee was intoxicated. The presumption came into effect because the employee refused the test . . . .

That is an incorrect statement of the law. Lay testimony can rebut even when there is a test. For example, *Simpson v. Jeanerette Sugar Co.*, 95-412 (La.App. 3 Cir. 11/2/95), 667 So.2d 1087, *writ denied*, 96-773 (La. 5/3/96), 672 So.2d 688, involved a positive test for cocaine. Although the cocaine test may have been suspect, the employer was still given the benefit of the presumption. The presumption was rebutted, in part by lay testimony and the employee's testimony. *See also Bernard v. Cox Commc'ns, Inc.*, 01-1321 (La.App. 5 Cir. 3/26/02), 815 So.2d 259, *writ denied*, 02-1157 (La. 6/14/02), 818 So.2d 782, which involved 69 nanograms per milliliter of marijuana. There, lay testimony also rebutted the presumption. Similarly, *Forrester v. New Orleans Iron Works*, 03-1194 (La.App. 5 Cir. 2/23/04), 869 So.2d 216, involved a positive test for intoxication which was rebutted by lay testimony. *Forrester* also indicated that a *claimant's* uncontradicted testimony may be sufficient if nothing casts doubt on that testimony. Thus, it seems, the workers' compensation judge did not give much weight to the plaintiff's testimony because a test was done and, according to the workers' compensation judge, lay testimony is allowed to rebut the presumption only when a test is not done. Wrong. Of course, when a legal error interdicts the fact finding process, we may do a de novo review. Upon a de novo review, I

2

would reverse the judgment of the Office of Workers' Compensation and award benefits, but would not award penalties and attorney fees.

For the foregoing reasons, I dissent.